[No. 2218. Nov. 12, 1918.]
MURPHY v. BACA et al.

### SYLLABUS BY THE COURT.

1. Findings supported by substantial evidence will not be disturbed on appeal. P. 659.

2. Where plea in abatement is withdrawn by parties filing same and refiled as their answer, and trial of the issues thus presented is had, resulting in decision adverse to parties taking said action, said parties were not thereafter entitled to file an answer and have a retrial of the same issues. P. 659.

Appeal from District Court, Socorro County; Ryan, Judge.

Action by John W. Murphy against Elfego Baca and others. Judgment for plaintiff, and defendants appeal. Affirmed.

M. C. SPICER, of Socorro, for appellants.

BRAY & BUNTON, of Socorro, for appellee.

OPINION OF THE COURT.

PARKER, J.   The appellee, John W. Murphy, instituted this action in the district court for Socorro county against the appellants, upon a certain promissory note and mortgage securing the payment of the same, and from a judgment rendered in his favor the appellants have perfected this appeal.

The action was based upon a note executed and delivered to Mrs. Hattie Williamson on May 5, 1916, and mortgage of real estate made to secure the same, executed and delivered on May 10, 1916.   The note was payable twelve months from date, bore interest at the rate of 12 per cent. per annum from maturity, and provided for attorney's fees in certain events.   The complaint alleged that the note and mortgage had been assigned to the appellee, for value, prior to its maturity, and that the same was now due and unpaid.

On August 7, 1917, appellants moved to dismiss the cause on the ground that the action was not prosecuted in the name of the real party in interest, in that Hattie Williamson "is the real party in interest of record and the only proper plaintiff."   The motion was subsequently withdrawn at the request of the appellants, and they were given ten days' additional time in which to answer or plead further to the complaint.   Subsequently what is termed a plea in abatement was filed by appellants, setting up that Hattie Williamson was the owner and holder of said note and mortgage, and was the real party in interest, and denying that the same were trans-

ferred or assigned to the appellee for a valuable con-sideration. The plea in abatement was denied by the court, and the motion of the appellants to allow their plea in abatement to stand as their answer was granted by the court. Trial of the issues was had; the court finding that appellee was the legal owner and holder of the said note and mortgage, among other things, and decreeing that Elfego Baca should pay the amount of the judgment within 90 days from date, with interest and costs, or sale of the mortgaged property should be made to satisfy said indebtedness. From that judgment the appellants have perfected this appeal.

[1] The argument of appellants upon assignment numbered 2 is to the general effect that the court erred in holding that the appellee was the legal owner of said note and mortgage, for the reasons that the evidence discloses that the assignment from Mrs. Hattie Williamson to appellee was made without the knowledge of the latter, and without intent to pass the interest of Mrs. Williamson to him. The sufficiency of the evidence is otherwise attacked by appellants, but as there is substantial evidence to support the finding of the trial court in the premises, that finding becomes final and conclusive here, a proposition too elemental here to require citation of authority.

[2] The second proposition urged by appellants is that the trial court erred in denying their request, made at the close of the trial, to answer to the merits of the action, the contention of appellants being that the trial was upon the plea of abatement only, and that after it was determined adversely to them they were authorized by law to plead to the merits, and upon the issues thus joined have a trial thereon. The fallacy of the argument lies in a misconception of the facts of the record of this case. Before trial was had upon the plea in abatement, the plea was withdrawn and an answer filed by appellants. By their own request the plea in abatement was filed as their answer. The only issue it presented was as to whether the appellee was the owner

of said note and mortgage. Everything stated in the complaint, except this one proposition, was consequently admitted, by failing to deny such other ,matters. Of their own accord appellants elected to have the issues presented by way of the complaint and their answer, which had previously served as a plea in abatement, and their rights in the premises having been fully determined by the court, we fail to observe how they can complain of such action now.

The judgment of the trial court. is therefore affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.